STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-04-239

2005 FEB -9 P 1: 14   INT - 2/9/05

STATE OF MAINE

v.                                                      **DECISION AND ORDER**

RICHARD DANIELS,

Defendant                     APR 2, 20

Pending before the court is the defendant's amended motion to suppress. He has

advised the court, through counsel, that the only issue to be addressed through his

motion is his claim that the officers executing the search warrant in question failed to

follow "knock and announce" procedures. The State has also presented the claim that

the defendant lacks standing to object to the warrant's execution or the seizure of the

evidence in question. At the hearing on the motion, the other grounds relied on by the

defendant to support his effort to suppress evidence were addressed and decided

adversely to him.

As the Law Court has instructed in *State v. Reynoso-Hernandez*, 2003 ME 19, ¶ 10,

816 A.2d 826, 830, the motion court is to first find the facts concerning the events at

issue. It does so as here follows:

On April 8, 2004, six police officers approached a house in Winthrop at 195 Main

Street to execute a search warrant at the residence of Stacy Beaulieu. The house was

divided into an apartment at the rear leased to Beaulieu and an office in the front

retained by the landlord from which he ran his business. A long glass porch ran across

the back of the structure behind the office and a short distance along the side where the

Beaulieu apartment door could be found.

The house also featured two other doors. One of these was on the street side of the structure and would permit access to the office. The second door was at the side of the house and was the means of ingress to a back porch which was attached to the Beaulieu apartment.

The street side door posted a sign addressed to UPS and FedEx drivers that deliveries should be made to the rear, presumably the back porch.

Four of the officers entered the glassed-in porch through an unlocked glass storm door without knocking or announcing their presence. They were equipped with a ram in case they needed to knock down Beaulieu's door. When on the porch, they noticed a mailbox for Beaulieu next to her door. They also found a second sign by Beaulieu's door directing UPS or FedEx deliveries to be made to the rear. There was also a door perpendicular to Beaulieu's which led to the landlord's office. Officers Struck, Woodman and Kelly believed the glassed-in porch was a common area.

Peter Struck, a Winthrop Police detective, although in uniform on this date, was among the four officers who entered onto the glassed-in porch. He knocked on the door to the Beaulieu apartment which had Stacy Beaulieu's name and address on it. While doing so he announced, "Police Department" or "Police, Search Warrant."

The top part of this door was glass with a curtain on the inside which was either made of transparent material or was arranged so that Struck could see in the apartment. After Struck knocked on this door he could see that someone was coming, apparently in response to his knock. According to Struck, five to seven seconds went by between his knock at the door and the defendant's appearance there. The defendant parted the curtains and looked out before opening the door from the inside. Once the door was opened, Struck told him they had a search warrant. The defendant was then handcuffed by Officer Wheeler and seated at a kitchen table.

When approaching the Beaulieu apartment, the officers executing the search warrant knew that this was a "knock and announce" warrant, and had planned to wait 20 seconds before forcibly entering the apartment if no one responded to their knock at the door. They never forcibly entered the Beaulieu apartment because the defendant let them in.

While seated at the kitchen table, the defendant told MDEA agent Woodman and Detective Struck that he did not live there and that he was a handyman for Calcagni, the landlord who had an office there. He did not say why he was in the Beaulieu apartment.

Ryan Frost, a captain with the Winthrop Police Department, participated in the execution of the warrant at the Beaulieu apartment. He had spoken to the defendant the day before, April 7, at which time the defendant told him he was living at 41 Vista Heights in Winthrop.

The State claims that this defendant lacks standing to object to the search of the Beaulieu apartment because, apparently, he did not reside there. In support of its position, the State has cited the Supreme Court case of *Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 in which that court held that, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched and that his expectation is reasonable . . ." in order to establish standing. *Id.* 525 U.S. at 88. In *Minnesota v. Carter, id.,* the Supreme Court reaffirmed the principle that a person in a residence, who is not an overnight guest, but is merely present with the consent of the householder, may not claim the protection of the Fourth Amendment. Moreover, if the purpose of the person's presence is commercial, he is there for a brief period, and there is a lack of previous connection between the householder and the visiting party, that

party will be viewed as simply a permittee on the property who lacks standing because he had no reasonable expectation of privacy where he was found.

The defendant did not testify at the hearing on the motion to suppress, and there was no evidence to rebut the officers' testimony as to the defendant's purpose for being at the Beaulieu apartment. From this testimony, the court concludes that the defendant did not reside at this apartment because he lived elsewhere in the same town. Accordingly, it is unlikely that he was an overnight guest. Instead, the only inference the court can draw from the scant evidence produced is that the defendant was in the Beaulieu apartment as the landlord's caretaker. Of necessity that would mean that his presence there was commercial in nature as opposed to a personal visit. It would also suggest that his connection to Beaulieu would be consistent with that of a landlord's employee to his tenant. In sum, the relationship between the defendant and the Beaulieu residence is so tentative that he must be regarded as a permittee without standing to challenge the search warrant executed there. For this reason, the amended motion may be denied.

Nevertheless, it is worth addressing the defendant's other contention, namely that the warrant at the Beaulieu apartment was executed in violation of knock and announce principles. In this regard, the court understands that the defendant is not and, indeed, cannot be objecting to the officers' entry into the apartment itself because the door was opened for them after they knocked and announced their presence.

Instead, it appears that the defendant contests the officers' entry on to the glassed-in porch which led to the apartment. While it is true that they entered this area of the building without knocking and announcing, the court concludes that this was a common area which did not require this procedure before entry. Not only did several of the officers reasonably believe this to be the case, this porch served as the outside

portal to two separate occupancies of the house. One of these was unmistakably Beaulieu's "front" door, that is, what appeared to be the principal portal to her residence. As with other doors of this type found in multi-unit buildings, it had her name on the door, a mailbox next to it, and a sign addressed to UPS and FedEx drivers to leave packages in the rear. Obviously then, Beaulieu expected the mailman and deliverymen to use the glass porch to approach her apartment and, from the placement of the landlord's door near hers, any visitor to this structure would understand that this porch was the means to access either of these occupancies. From all this, then, the court concludes that the glassed-in porch was a common area which police officers could lawfully enter without a warrant or express permission to do so and without complying with knock and announce protocols. *See State v. Crider*, 341 A.2d 1, 4 (Me. 1975). This is the case here because the officers were at 195 Main Street on legitimate investigatory business and followed a normal route of access leading to the main portal of a residence which would constitute an implied invitation for those with such legitimate business to approach that residence. *See State v. Cloutier*, 544 A.2d 1277, 1279-80 (Me. 1980).

Accordingly, the court must conclude that the officers' entry on to the glass porch which leads to the Beaulieu apartment violated no one's constitutional rights. As well, because they did knock and announce, but were let into the apartment without forcing entry, they did not violate knock and announce principles associated with the Fourth Amendment. That being so, the court concludes that the State has met its burden of persuasion that the officers' actions in this case were reasonable, that is they lawfully entered a common area and were then let into the apartment in question after announcing their presence and their possession of a search warrant. That being so, the motion to suppress cannot be granted on this basis.

Accordingly, the clerk, is directed to make the following entry:

Amended Motion to Suppress Evidence is DENIED.

So ordered.

Dated: February 9, 2005

John R. Atwood
Justice, Superior Court

STATE OF MAINE
  vs
RICHARD J DANIELS
41 VISTA HEIGHTS RD
WINTHROP ME 04364

DOB: 05/02/1965
Attorney: WALTER MCKEE
       LIPMAN & KATZ & MCKEE, PA
       227 WATER STREET
       PO BOX 1051
       AUGUSTA ME 04332-1051
       RETAINED 05/07/2004

Filing Document: INDICTMENT
Filing Date: 05/07/2004

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2004-00239

## DOCKET RECORD

State's Attorney: LARA NOMANI

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  AGGRAVATED TRAFFICKING OF SCHEDULED DRUGS  04/08/2004 WINTHROP
Seq 8556  17-A  1105-A(1)(B)(2)      Class A

2  CRIMINAL CONSPIRACY              04/08/2004 WINTHROP
Seq 8370  17-A  151(1)(B)      Class B

3  VIOLATING CONDITION OF RELEASE      04/08/2004 WINTHROP
Seq 2663  15    1092      Class E

## Docket Events:

05/10/2004 FILING DOCUMENT -  INDICTMENT FILED ON 05/07/2004

      TRANSFER -  BAIL AND PLEADING REQUESTED ON 05/07/2004

05/10/2004 TRANSFER -  BAIL AND PLEADING GRANTED ON 05/07/2004

05/11/2004 Party(s):  RICHARD J DANIELS
      ATTORNEY -  RETAINED ENTERED ON 05/07/2004

      Attorney:  WALTER MCKEE
05/11/2004 Charge(s): 1,2,3
      HEARING -  ARRAIGNMENT SCHEDULED FOR 05/21/2004 @ 9:00

05/17/2004 TRANSFER -  BAIL AND PLEADING RECVD BY COURT ON 05/17/2004

      RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-04-859, CR-04-869, CR-04-1043 AND CR-04-870
05/17/2004 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 05/17/2004
      BAIL BOND - $5,000.00 CASH BAIL BOND FILED

      Bail Receipt Type: CR
      Bail Amt:  $1,000

Date Bailed: 04/07/2004     Receipt Type: CK
Prvdr Name: RICK   CHIARAVELOTTI
Rtrn Name: RICK   CHIARAVELOTTI

## Conditions of Bail:

Have no contact with...

1  CHRISSY  BIELAWSKI  AND CHILD NOT TO RETURN TO 41 VISTA HEIGHTS ROAD, WINTHROP
05/17/2004 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 05/17/2004
BAIL BOND - $5,000.00 CASH BAIL BOND FILED

Bail Receipt Type: CR
Bail Amt: $5,000

Date Bailed: 04/30/2004     Receipt Type: CK
Prvdr Name: RICHARD  DANIELS
Rtrn Name: RICHARD  DANIELS

## Conditions of Bail:

Refrain from possession or use of intoxicating liquor. Refrain from possession or use of any unlawful drugs.

Submit to random search and testing for alcohol, drugs upon reasonable suspicion of use or possession.

Counseling Other: DEFENDANT TO ENROLL IN AND ATTEND AS DIRECTED MENSWORK PROGRAM AND PROVIDE WRITTEN PROOF THROUGH COUNSEL OF ENROLLMENT AND ATTENDANCE
05/25/2004 Charge(s): 1,2,3
HEARING - ARRAIGNMENT HELD ON 05/21/2004
S KIRK STUDSTRUP , JUSTICE
Attorney: WALTER MCKEE
DA:  LARA NOMANI     Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT.  21 DAYS TO FILE MOTIONS
05/25/2004 Charge(s): 1,2,3
PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 05/21/2004

05/25/2004 Charge(s): 1,2,3
PLEA -  NOT GUILTY ACCEPTED BY COURT ON 05/21/2004

05/25/2004 BAIL BOND -  CASH BAIL BOND CONTINUED AS POSTED ON 05/21/2004

Date Bailed: 04/30/2004
06/14/2004 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 06/11/2004

06/16/2004 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 06/15/2004

RESULTS OF SEARCH WARRANT ISSUED ON APRIL 8, 2004.
06/16/2004 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 06/15/2004

Printed on: 02/09/2005

SEARCH OF DEFENDANT'S RESIDENCE AT 41 VISTA HEIGHTS, WINTHROP, ME.
06/16/2004 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 06/15/2004

06/16/2004 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 06/15/2004

06/21/2004 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 06/21/2004

COPY TO PARTIES/COUNSEL
EXTENDED TO JUNE 30, 2004.                                                        DEADLINE
08/06/2004 Charge(s): 1,2,3
TRIAL -  DOCKET CALL SCHEDULED FOR 09/07/2004 @ 9:00

08/20/2004 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 09/09/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
08/20/2004 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 09/09/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
08/20/2004 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 09/09/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
08/24/2004 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 08/24/2004

AND TO CONSOLIDATE WITH STACY BEAULIEU CR04-240 MOTION TO SUPPRESS          NO OBJECTION BY
DEFENSE COUNSEL
08/25/2004 MOTION -  MOTION TO JOIN FILED BY STATE ON 08/24/2004

MOTION TO CONSOLIDATE MOTIONS TO SUPPRESS
08/25/2004 MOTION -  MOTION TO JOIN GRANTED ON 08/24/2004
DONALD H MARDEN , JUSTICE
08/25/2004 MOTION -  MOTION TO CONTINUE GRANTED ON 08/24/2004
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
08/25/2004 HEARING -  MOTION TO SUPPRESS CONTINUED ON 08/24/2004

08/25/2004 HEARING -  MOTION TO SUPPRESS STATEMENT CONTINUED ON 08/24/2004

08/25/2004 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 08/24/2004

08/25/2004 Charge(s): 1,2,3
TRIAL -  DOCKET CALL NOT HELD ON 08/24/2004

CASE CONTINUED
10/07/2004 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
10/07/2004 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
10/07/2004 HEARING -  MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE   TO PARTIES/COUNSEL
11/02/2004 HEARING -  MOTION FOR DISCOVERY HELD ON 11/01/2004

NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
Attorney: WALTER MCKEE
DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court
11/02/2004 MOTION - MOTION FOR DISCOVERY GRANTED ON 11/01/2004
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPY TO PARTIES/COUNSEL
11/02/2004 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 11/01/2004

11/02/2004 HEARING - MOTION TO SUPPRESS CONTINUED ON 11/01/2004

12/09/2004 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 01/04/2005 @ 9:00

          NOTICE TO PARTIES/COUNSEL
12/09/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/04/2005 @ 9:00

          NOTICE TO PARTIES/COUNSEL
12/09/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/04/2005 @ 9:00

          NOTICE TO PARTIES/COUNSEL
01/14/2005 HEARING - MOTION TO SUPPRESS HELD ON 01/04/2005
JOHN R ATWOOD , JUSTICE
Attorney: WALTER MCKEE
DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court

HEARING NOT COMPLETED-CONTINUED TO 1/18/05 AT 9:00.
01/14/2005 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/18/2005 @ 9:00

          NOTICE TO PARTIES/COUNSEL
01/21/2005 ORDER - TRANSCRIPT ORDER FILED ON 01/21/2005

REQUEST FOR TRANSCRIPT FILED BY WALTER MCKEE, COPY OF ORDER SENT TO
01/21/2005 HEARING - MOTION TO SUPPRESS HELD ON 01/18/2005
JOHN R ATWOOD , JUSTICE
Attorney: WALTER MCKEE
DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court
01/21/2005 HEARING - MOTION TO SUPPRESS HELD ON 01/04/2005
JOHN R ATWOOD , JUSTICE
Attorney: WALTER MCKEE
DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court
01/21/2005 HEARING - MOTION TO SUPPRESS STATEMENT HELD ON 01/18/2005
JOHN R ATWOOD , JUSTICE
Attorney: WALTER MCKEE
DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court
01/21/2005 MOTION - MOTION TO SUPPRESS STATEMENT UNDER ADVISEMENT ON 01/18/2005

01/21/2005 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/18/2005
JOHN R ATWOOD , JUSTICE
01/21/2005 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/18/2005

01/25/2005 OTHER FILING -  TRANSCRIPT FILED ON 01/25/2005

MOTION TO SUPPRESS HELD ON 1/4/05 AND 1/18/05
02/01/2005 OTHER FILING -  MEMORANDUM OF LAW FILED ON 02/01/2005

STATE'S MEMORANDUM IN RESPONSE  TO DEFENDANT'S MOTION TO SUPPRESS
02/04/2005 TRIAL -  DOCKET CALL SCHEDULED FOR 03/07/2005 @ 2:10

02/09/2005 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 02/09/2005
          JOHN R ATWOOD , JUSTICE
          COPY TO PARTIES/COUNSEL
02/09/2005 ORDER -  COURT ORDER FILED ON 02/09/2005
          JOHN R ATWOOD , JUSTICE
          MOTION TO SUPPRESS DENIED.
02/09/2005 MOTION -  MOTION TO SUPPRESS DENIED ON 02/09/2005

          COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST:  _____
                    Clerk